IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHEKIR THOMAS,** | : | CIVIL ACTION NO. 1:21-CV-282 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **HENRY STARCHER, JOSEPH GIROUX, FRANK RUF, and WELLPATH MEDICAL,** | : | |
| | : | |
| Defendants | : | |

### **MEMORANDUM**

Plaintiff Shekir Thomas, a Pennsylvania state prisoner presently incarcerated at the State Correctional Institution at Dallas, in Dallas, Pennsylvania, initiated this civil action pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment violations against defendants Henry Starcher, Joseph Giroux, Frank Ruf (the "Commonwealth defendants"), and WellPath Medical in the Court of Common Pleas of Luzerne County. (See Doc. 1-1). The Commonwealth defendants removed the matter to this court. (See Doc. 1). Plaintiff has now filed a motion to compel discovery and a motion for inspection. (Docs. 18, 19). For the following reasons, the court will deny both motions without prejudice.

In the motion to compel discovery, plaintiff seeks, *inter alia*, the production of documents related to his alleged assault and resulting medical treatment. (See Doc. 18 at 2). Pursuant to Federal Rule of Civil Procedure 34, a party may serve on any other party a request to produce and permit the inspection and copy of documents or electronically stored information. FED. R. CIV. P. 34(a)(1)(A). Federal

Rule of Civil Procedure 37 enforces this discovery obligation by permitting a party to move for an order compelling discovery. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). In addition, the Local Rules of this court require that movant shall include "a copy of the discovery matters in dispute" with any motion seeking to compel discovery. See M.D. PA. L.R. 5.4(c).

Fatal to his motion, plaintiff has failed to include a certification regarding his good faith attempts to confer with counsel for defendants. In addition, plaintiff has not specified the manner of service, nor has he attached a copy of the discovery purportedly served on defendants. Hence, the instant motion to compel is facially deficient. The motion will be denied without prejudice, and plaintiff may refile an appropriate motion (if necessary) after complying with the applicable federal and local rules regarding discovery.

Federal Rule of Civil Procedure 34 permits a party to serve on any other party a request to produce and permit the inspection of electronically stored information, such as a video recording. FED. R. CIV. P. 34(a)(1)(A). In his motion for inspection, plaintiff requests that the court grant plaintiff an opportunity to review the camera video of the alleged assault at issue in the complaint. (See Doc. 19 at 1). This motion is obviously premature because plaintiff has not first served on defendants a request pursuant to Rule 34 seeking to inspect the video. It also lacks a copy of the discovery request and a statement regarding the parties' attempts to confer. The motion for inspection will be denied without prejudice. To be clear,

2

plaintiff should separately serve a request for inspection on defendants. If this effort is unsuccessful, plaintiff may file an appropriate motion with this court which follows the aforementioned procedure for discovery motions.

A separate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: June 16, 2021